**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAJAH PAYNE** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO: _____** |
| | : | |
| **CITY OF PHILADELPHIA ET AL.** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **April Term, 2024** |
| **Defendants** | : | **No. 240400011** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendant, City of Philadelphia, (hereinafter "petitioner"), through its counsel, Derek Kane, Deputy City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendant state the following:

1.     On March 28, 2024 the plaintiff initiated this action by Wirt of Summons in the Court of Common Pleas in Philadelphia, April Term, 2024; No. 240400011.

2.     On April 1, 2024 the plaintiff served the Writ of Summons on the City of Philadelphia.

3.     On April 29, 2024 the plaintiff filed the first Complaint in this case. See Exhibit A.

4.     In Counts V and Counts VI of the Complaint, the plaintiff seeks relief for alleged deprivations of her rights protected by the Constitution of the United States.  (Id.)

5.     28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of

all civil actions arising under the Constitution, laws, or treaties of the United States."

6.     The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

7.     Defendant PENNSYLVANA STATE POLICE, the only other Defendant currently served in this case, consents to this removal.

8.     True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "B," will be served upon the plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

9.     In filing this Notice of Removal, the petitioner does not waive any available defenses in this action.

**Wherefore,** petitioner, City of Philadelphia respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,


BY:        _/s/ Derek Kane_____
           **Derek Kane**
           **Deputy City Solicitor**
           **Attorney I.D. No. 316941**
           City of Philadelphia Law Department
           1515 Arch Street, 14th Floor
           Philadelphia, PA  19102
           215-683-5374

Date:  May 28, 2024

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAJAH PAYNE** | : | Civil Action |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | NO: _____ |
| | : | |
| **CITY OF PHILADELPHIA ET AL.** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **April Term, 2024** |
| **Defendants** | : | **No. 240400011** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## NOTICE OF FILING OF REMOVAL

TO:

| | |
|---|---|
| ATKINS, BROCK J<br>STAMPONE LAW<br>500 COTTMAN AVENUE<br>CHELTENHAM PA 19012<br>(215)663-0400<br>batkins@stamponelaw.com | OBRIEN, KEVIN PATRICK<br>500 COTTMAN AVE.<br>CHELTENHAM PA 19012<br>(215)663-0400<br>kobrien@stamponelaw.com |

PLEASE TAKE NOTICE THAT on May 28, 2024 the defendant, City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

BY:     */s/ Derek Kane*_____
**Derek Kane**
**Deputy City Solicitor**
**Attorney I.D. No. 316941**

City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5374
215-683-5445

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAJAH PAYNE | : | Civil Action |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | NO: _____ |
| | : | |
| CITY OF PHILADELPHIA ET AL. | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **April Term, 2024** |
| **Defendants** | : | No. 240400011 |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Derek Kane, Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the plaintiff's attorney on the date indicated below via email:

TO:

| | |
|---|---|
| ATKINS, BROCK J<br>STAMPONE LAW<br>500 COTTMAN AVENUE<br>CHELTENHAM PA 19012<br>(215)663-0400<br>batkins@stamponelaw.com | OBRIEN, KEVIN PATRICK<br>500 COTTMAN AVE.<br>CHELTENHAM PA 19012<br>(215)663-0400<br>kobrien@stamponelaw.com |

BY:    */s/ Derek Kane*_____
**Derek Kane**
**Deputy City Solicitor**
**Attorney I.D. No. 316941**

Date: May 28, 2024

Exhibit "A"

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**
BY:     Kevin P. O'Brien, Esquire
          Brock J. Atkins, Esquire
ID No.:  313081; 207578
500 Cottman Avenue
Cheltenham, PA 19012
(215)663-0400
Attorneys for Plaintiff

**THIS IS A MAJOR JURY MATTER.**

*Filed and Attested by the Office of Judicial Records 29 APR 2024 12:03 pm E. STAMATO*

| | |
|---|---|
| **NAJAH PAYNE**<br>48 N. Salford Street,<br>Philadelphia, PA 19139<br><br>*Plaintiff*,<br><br>    v.<br><br>**PENNSYLVANIA STATE POLICE**<br>1800 Elmerton Ave.,<br>Harrisburg, PA 17110<br><br>*And*<br><br>**JOHN DOE # 1 PENNSYLVANIA STATE TROOPER**<br>(The Pennsylvania State Trooper that drove his/her vehicle into the vehicle in which Plaintiff was traveling to the hospital.)<br><br>*And*<br><br>**CITY OF PHILADELPHIA**<br>One Parkway Building, 14th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>*And*<br><br>**JOHN DOE # 2-3 PHILADELPHIA POLICE OFFICERS**<br>(The Philadelphia Police Officers with their lights and sirens activated that followed the vehicle in which Plaintiff traveled to the hospital.)<br><br>*Defendants*. | PHILADELPHIA COUNTY COURT OF COMMON PLEAS CIVIL DIVISION<br><br><br>APRIL  TERM, 2024<br>NO.:  00011<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Case ID: 240400011

| | |
|---|---|
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYERAT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATIONABOUT HIRING A LAWYER. <br><br> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED <br> FEE OR NO FEE. <br><br><br> PHILADELPHIA BAR ASSOCIATION <br> LAWYER REFERRAL and INFORMATION SERVICE <br> One Reading Center Philadelphia, Pennsylvania 19107 <br> (215) 238-1701 | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENEDINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE <br><br> LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARAUN HONORARIO REDUCIDO O NINGUN HONORARIO. <br><br> ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICO DE REFERENCA E INFORMACION LEGAL <br> One Reading Center Filadelfia, Pennsylvania 19107 <br> Telefono: (215) 238-1701 |

## PARTIES

1.     Plaintiff, Najah Payne ("Ms. Payne"), is an adult individual residing at 48 N. Salford Street, Philadelphia, PA, 19139.

2.     Defendant, Pennsylvania State Police ("PSP"), is an agency of the Commonwealth of Pennsylvania ("the Commonwealth"), organized and existing under the laws of the Commonwealth, charged with enforcement of the Commonwealth's criminal and traffic laws, with its principal place of business located at 1800 Elmerton Avenue, Harrisburg, PA 17110.

3.     At all times material hereto, PSP purposefully established significant contacts in Pennsylvania, carried out, and continues to carry out, substantial, continuous, and systematic activities in Pennsylvania, and regularly conducts business in the City and County of Philadelphia at Troop K located at 2201 Belmont Avenue, Philadelphia, PA 19131.

4.     Defendant, City of Philadelphia is a municipal corporation, located in the Couty of Philadelphia, Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls

the City of Philadelphia Police Department which employs the other named and unnamed Philadelphia Police Officers. The City of Philadelphia maintains an office located at 1515 Arch Street, Philadelphia, Pennsylvania, 19103.

5.      John Doe # 1, a Pennsylvania State Trooper was at all times pertinent to this Complaint, was and is employed by the Commonwealth of Pennsylvania and the Defendant, PSP, acting under the color of state law pursuant to an official policy, custom or practice of the PSP and/or the Commonwealth of Pennsylvania. Defendant John Doe # 1 is sued in his individual capacity.

6.      John Does # 2-3. Philadelphia Police Officers who were, at all times pertinent to this Complaint, employed by the City of Philadelphia and the Philadelphia Police Department ("PPD") as police officers, acting under the color of state law pursuant to an official policy, custom or practice of the Philadelphia Police Department and/or the City of Philadelphia. John Does 2-3 are being sued in their individual capacities.

7.      Upon information and belief, John Doe # 1 was the driver of the PSP vehicle.

8.      Upon information and belief, John Doe # 2 was the driver of the City Police vehicle while John Doe # 3 was the passenger.

9.      At all times material hereto, John Doe # 1 was acting in his own individual capacity in the scope and course of his employment as a State Trooper for the PSP.

10.     At all times material hereto, Defendant PSP was acting by and through its agent and/or employees, John Doe # 1, who was acting within the scope of his agency and/or employment for Defendant PSP.

11.     Defendant, John Doe # 1 is an adult individual working at 2201 Belmont Ave., Philadelphia, PA 19131.

Case ID: 240400011

12.     Jurisdiction and Venue are proper in the Court of Common Pleas of Philadelphia County as State law intentional and negligence torts and otherwise violative conduct occurred in Philadelphia County.

13.     On August 20, 2023, Ms. Payne suffered catastrophic injuries as a result of negligent, reckless, and deliberate conduct by a Trooper of the PSP, in violation of the United States Constitution secured pursuant to 42 U.S.C. §§ 1983 and 1988. Her permanent and debilitating injuries are another example of the PSP and its policy makers' failure to properly train, supervise, screen, discipline, transfer, or otherwise control its troopers.

14.     On August 20, 2023, Ms. Payne suffered catastrophic injuries as a result of negligent, reckless, and deliberate conduct by a Police Officers of the PPD, in violation of the United States Constitution secured pursuant to 42 U.S.C. §§ 1983 and 1988. Her permanent and debilitating injuries are another example of the PPD and its policy makers' failure to properly train, supervise, screen, discipline, transfer, or otherwise control its troopers.

15.     Ms. Payne's unnecessary and avoidable injuries were caused by the PSP's failure to enact, implement, and train on proper procedures for operation of its vehicles and/or its improper pattern and practice of dangerously and improperly responding to incidents.

16.     Ms. Payne's unnecessary and avoidable injuries were caused by the PPD's failure to enact, implement, and train on proper procedures for operation of its vehicles and/or its improper pattern and practice of dangerously and improperly responding to incidents.

**FACTUAL BACKGROUND**

17.     On August 20, 2023, at around 9:30am, Ms. Payne and her infant daughter were at the home of a friend, Shamiah Layne Lewis.

18.     Ms. Payne discovered that her infant daughter was experiencing a life-threatening medical emergency because she was not breathing.

19.     Immediately, Ms. Payne and Ms. Lewis ran towards Ms. Lewis's car with the infant in order to drive to the hospital and get her emergency medical attention.

20.     John Does 2-3 happened to be in the vicinity and offered to escort Plaintiff to the hospital.  However, for some unknown reason, the PPD officers followed Plaintiff from behind with their lights and sirens activated, which essentially meant the officers chased Plaintiff.

21.     Upon information and belief, the two cars travelled eastbound on Lancaster Avenue in Philadelphia for a considerable amount of time before John Doe # 1 intervened.

22.     Upon information and belief, Lancaster Avenue is a "state highway" and therefore routinely patrolled by PSP troopers.

23.     The Defendants, John Doe PPD Officers # 2-3 were aware that PSP troopers routinely patrolled Lancaster Avenue but nevertheless failed to notify the PSP that this was not a police pursuit, and that the PSP should not intervene.

24.     Moreover, John Doe PPD Officers # 2-3 had sufficient time to, and therefore could have ensured that Pennsylvania State Police were contacted and made aware that they were escorting Plaintiff to the hospital because of a medical emergency.

25.     Upon information and belief, John Doe PSP Officer # 1 had no knowledge or information sufficient to warrant his intervention and his intentional use of deadly force by striking Plaintiff's car and forcing the car into parked vehicles.

26.     Moreover, John Doe #1 had sufficient time to inquire into the nature of this interaction and determine if his use of deadly force was needed and warranted and knew how to contact PPD and ascertain if his intervention in this event was warranted.

27.     John Doe # 1, driving a marked PSP vehicle and travelling at a high rate of speed, utilized a police maneuver called the "Precision Immobilization Technique" ("PIT maneuver") by intentionally crashing the PSP vehicle into Plaintiff, knocking her vehicle off the road, into parked vehicles, and flipping her car over.

28.     After John Doe # 1 used deadly force on Plaintiff and her infant child, noticing that her car was flipped over, John Doe # 1 rushed out of his car with his gun drawn and held her at gunpoint.

29.     Fortunately, Plaintiff's daughter survived this horrific event, but Plaintiff suffered permanent and debilitating injuries as a result.

30.     John Doe Defendant 1 was acting under the color of state law when he utilized a PIT maneuver and intentionally drove Plaintiff off the road and into other vehicles.

31.     John Doe Defendants 2-3 were acting under the color of state law when they chased Plaintiff and caused her vehicle to be driven off the road.

32.     No reasonably competent official could conclude that the actions of Defendants John Doe # 1-3 described herein did not violate Ms. Payne's constitutional rights.

33.     No reasonably prudent police officer/state trooper, under similar circumstances, could have believed that Defendants John Doe # 1-3's conduct was justified or reasonable.

34.     Given the nature and length of the chase, the speed of the chase, the dangerous manner in which the respective cars were driven, and the hyper-aggressive decisions of John Doe # 1, the harm caused by the Defendants was foreseeable with respect to Ms. Payne and conscience shocking.

35.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of the PSP, PPD, and Defendants John Doe # 1-3, Ms. Payne suffered devastating, severe, and permanently disabling injuries, including but not limited to a compression fracture of her spine, T12, L1-3 requiring a stabilizing fusion, and a sternum fracture, which injuries necessitated extensive medical care, injections, and therapy, and continuing medical treatment..

36.     As a direct result of the carelessness, negligence, gross negligence, recklessness and/or other liability-producing conduct of the PSP, PPD, and Defendants John Doe # 1-3, Ms. Payne required, and will continue to require, surgeries, medicines, medical care and treatment, and was caused to incur, and will continue to be caused to incur, medical expenses for care and treatment.

37.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing of the PSP, PPD, and Defendants John Doe # 1-3, Ms. Payne suffered, and will continue to suffer, agonizing aches, pain, distress, anxiety, and mental anguish.

38.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of the PSP, PPD, and Defendants John Doe # 1-3, Ms. Payne has sustained a loss of the enjoyment of life, life's pleasures and life's hedonic pleasures past, present and future.

39.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of the PSP, PPD, and Defendants John Doe # 1-3, Ms. Payne has been prevented, and will be prevented in the future, from performing his usual duties, activities, occupations, and avocations, and has suffered a loss of earnings and a loss

of earning capacity.

40.     Ms. Payne's injuries were the direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or any other liability-producing conduct of the PSP, PPD, and Defendants John Doe # 1-3, and in no way were contributed to by Ms. Payne.

41.     PSP, PPD, and Defendants John Doe # 1-3, are jointly and severally liable for Ms. Payne's injuries and damages.

## COUNT I – NEGLIGENCE
## PLAINTIFF NAJAH PAYNE v. DEFENDANTS JOHN DOE # 2-3

42.     All preceding paragraphs are incorporated as though fully set forth at length herein.

43.     Defendant PPD Officers, John Doe # 2-3 were jointly and severally careless, negligent and/or reckless in the following respects:

a.  driving at unsafe speeds;

b.  failing to escort Plaintiff to the hospital by driving in front of her and having her car follow the police cruiser;

c.  utilizing the lights and sirens and giving the appearance that they were chasing Plaintiff rather than attempting to escort her to the hospital;

d.  failing to notify other law enforcement agencies that they were not pursuing Plaintiff and instead were intending to escort her to the hospital;

e.  putting Plaintiff in harm's way by not properly escorting her to the hospital;

f.  failure to exercise reasonable care and caution under the circumstances at issue; and,

g.  unsafe operation of its motor vehicle;

44.     By reason of Defendant PPD Officers, John Doe # 2-3's carelessness, negligence, gross negligence and reckless conduct, Ms. Payne sustained serious and permanent disabling

personal injuries, including those set forth above.

45.     By conducting itself as set forth above, Defendant PPD Officers, John Doe # 2-3's acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Ms. Payne.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

### COUNT II – NEGLIGENCE
### PLAINTIFF NAJAH PAYNE v. JOHN DOE # 1

46.     All preceding paragraphs are incorporated as though fully set forth at length herein.

47.     Defendant PSP Officer, John Doe # 1 was jointly and severally careless, negligent and/or reckless in the following respects:

      a.  driving at unsafe speeds;

      b.  negligent operation of a motor vehicle;

      c.  dangerously utilizing a PIT maneuver;

      d.  knowingly forcing Plaintiff's vehicle into a parked car;

      e.  failing to inquire into the nature of the interaction between Plaintiff and the PPD officers before intervening;

      f.  excessive speeding while operating his motor vehicle;

      g.  failing to follow traffic laws;

      h.  failure to exercise reasonable care and caution under the circumstances at issue; and,

      i.  unsafe operation of its motor vehicle;

48.     By reason of Defendant John Doe # 1's carelessness, negligence, gross negligence and reckless conduct, Ms. Payne sustained serious and permanent disabling personal injuries, including those set forth above.

49.     By conducting itself as set forth above, Defendant John Doe # 1's acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Ms. Payne.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT III – NEGLIGENCE**
**PLAINTIFF NAJAH PAYNE v. PENNSYLVANIA STATE POLICE**

50.     All preceding paragraphs are incorporated as though fully set forth at length herein.

51.     The claims in this count are brought pursuant to the exceptions to sovereign immunity established by 42 Pa.C.S.A. § 8522(b)(1).

52.     Defendant, PSP itself and through its agent and/or employees, Defendant John Doe # 1, was jointly and severally careless, negligent  and/or reckless in the following respects:

    a.   failure to exercise reasonable care and caution under the circumstances at issue;

    b.   negligent operation of its motor vehicle;

    c.   reckless operation of its motor vehicle;

    d.   failure to follow traffic laws;

    e.   unsafe operation of its motor vehicle;

    f.   excessive speeding while operating its motor vehicle;

Case ID: 240400011

g.  failure to have proper policies and procedures in place to address emergency and non-emergency responses by State Police Troopers;

h.  failure to train and supervise Defendant John Doe # 1 regarding motor vehicle operation when responding to non-emergency incidents;

i.  failure to train and supervise Defendant John Doe # 1 regarding motor vehicle operation when responding to emergency incidents;

j.  failure to properly code the priority of the call for a vehicles in the roadway;

k.  failure to train troopers on the duty to intervene;

l.  failure to exercise reasonable care and caution in the operation of the PSP vehicle in PSP's care, custody, and control;

m.  failure to have proper policies and procedures in place to address the operation of the PSP vehicle in PSP's care, custody, and control;

n.  failure to train and supervise Defendant John Doe # 1with respect to the operation of the PSP vehicle in PSP's care, custody, and control;

o.  failure to exercise reasonable care and caution in the operation of the PSP vehicle in Defendant John Doe's care, custody, and control as employees of PSP;

p.  failure to have PSP vehicle under proper and adequate control as to not endanger the general public including Ms. Payne;

q.  failure to operate the PSP vehicle in accordance with the laws and regulations of the Commonwealth, including obeying speed limits and not forcing other cars into parked cars;

r.  Permitting an inadequately trained and inexperienced trooper to utilize deadly

force;

s.   Failing to properly instruct its supervisor officers in the appropriate method of overseeing motor vehicle responses; and

t.   otherwise failing to regard the rights, safety, and property of Ms. Payne including, but not limited to, the appropriate and supporting sections of the Constitution, the Commonwealth of Pennsylvania Motor Vehicle Code; and the policies and procedures the PSP had or should have had in effect at the time of this collision.

53.   By reason of Defendant, PSP's carelessness, negligence, gross negligence and reckless conduct, Ms. Payne sustained serious and permanent disabling personal injuries, including those set forth above.

54.   By conducting itself as set forth above, Defendant's acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Ms. Payne.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT IV – NEGLIGENCE**
**PLAINTIFF NAJAH PAYNE v. PHILADELPHIA POLICE DEPARTMENT**

55.   All preceding paragraphs are incorporated as though fully set forth at length herein.

56.   The claims in this count are brought pursuant to the exceptions to sovereign immunity established by 42 Pa.C.S.A. § 8522(b)(1).

57.   Defendant, PPD itself and through its agent and/or employees, Defendants John

Case ID: 240400011

Doe # 2-3, was jointly and severally careless, negligent  and/or reckless in the following respects:

    a.  failure to exercise reasonable care and caution under the circumstances at issue;

    b.  negligent operation of its motor vehicle;

    c.  reckless operation of its motor vehicle;

    d.  failure to follow traffic laws;

    e.  unsafe operation of its motor vehicle;

    f.  excessive speeding while operating its motor vehicle;

    g.  failure to have proper policies and procedures in place to address emergency and non-emergency responses by Philadelphia Police Officers;

    h.  failure to train and supervise Defendants John Doe # 2-3 regarding motor vehicle operation when responding to non-emergency incidents;

    i.  failure to train and supervise Defendants John Doe # 2-3 regarding motor vehicle operation when responding to emergency incidents;

    j.  failure to properly code the priority of the call for a vehicles in the roadway;

    k.  failure to exercise reasonable care and caution in the operation of the PPD vehicle in PPD's care, custody, and control;

    l.  failure to PPD vehicle in PPD's care, custody, and control;

    m.  failure to train and supervise Defendants John Doe # 2-3 with respect to the operation of the PPD vehicle in PPD's care, custody, and control;

    n.  failure to exercise reasonable care and caution in the operation of the PPD vehicle in Defendant John Doe # 2-3's care, custody, and control as employees of PPD;

    o.  failure to have PPD vehicle under proper and adequate control as to not

Case ID: 240400011

endanger the general public including Ms. Payne;

p.   failure to operate the PPD vehicle in accordance with the laws and regulations of the Commonwealth, including obeying speed limits and not forcing other cars into parked cars;

q.   Failing to properly instruct its supervisor officers in the appropriate method of overseeing motor vehicle responses; and

r.   otherwise failing to regard the rights, safety, and property of Ms. Payne including, but not limited to, the appropriate and supporting sections of the Constitution, the Commonwealth of Pennsylvania Motor Vehicle Code; and the policies and procedures the PPD had or should have had in effect at the time of this collision.

58.   By reason of Defendant, PPD's carelessness, negligence, gross negligence and reckless conduct, Ms. Payne sustained serious and permanent disabling personal injuries, including those set forth above.

59.   By conducting itself as set forth above, Defendant's acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Ms. Payne.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT V – STATE CREATED DANGER**
**PLAINTIFF NAJAH PAYNE v. DEFENDANTS JOHN DOE # 2-3**

60.   All preceding paragraphs are incorporated as though fully set forth at length herein.

61.     Defendants John Doe # 2-3, individually, caused a state created danger in the following respects:

a.  First, Ms. Payne's catastrophic injuries was a foreseeable and direct harm of Defendants John Doe # 2-3's reckless actions because:

i.  this harm was foreseeable because the officers knew that other law enforcement officers also travelled on Lancaster Avenue and would be inclined to intervene with what could be perceived to be a police chase;

ii.  this harm was also foreseeable because the officers had an awareness of the risk of traveling at excessive speeds, with lights and sirens activated, would cause other law enforcement officers to believe that they needed to intervene, possibly with deadly force;

iii.  the officers knew that an infant child was experiencing possibly a life-threatening medical emergency which required appropriate and careful police assistance;

iv.  the officers knew how to ensure that other law enforcement officers and departments were aware that they were escorting Ms. Payne to the hospital and not chasing her;

v.  this harm was directly caused by the officers' actions because they exercised poor judgment by driving behind Ms. Payne's vehicle when they intended to escort her to the hospital;

vi.  was struck by both the vehicle driven by Defendant Adams and the Troopers' PSP vehicle with such a force that his vehicle uncontrollably spun around and caused catastrophic injuries to Ms. Payne.

Case ID: 240400011

b.  Second, the Troopers' actions shock the conscious because:

    i.  the officers chose to drive at excessive speeds with their lights and sirens activated but failed to inform others that this was not a police pursuit;

    ii.  the officers were aware this was a medical emergency with an infant child in serious distress and therefore should have been notifying other law enforcement and medical personnel of the ongoing emergency;

    iii.  the officers knew that state troopers patrolled Lancaster Avenue and would be inclined to assist and intervene, possibly using deadly force, and had sufficient time and resources available to them to ensure that the other law enforcement agencies were aware that this was not a police pursuit, but simply did do anything to prevent this tragedy;

    iv.  the officers failed to stay in close proximity to Plaintiff's vehicle and ward off the possibility of other law enforcement intervention; and

    v.  the officers violated numerous sections of Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by emergency vehicles.

c.  Third, Ms. Payne was a foreseeable victim because she was a passenger in the vehicle that was perceived to be being chased by the officers while the officers drove at a high rate of speed, for many blocks, with their lights and sirens activated.

d.  Fourth, the officers' affirmative act was the but-for cause of Ms. Payne's injuries because:

    i.  the officers made the affirmative decision to drive their PPD vehicle at

high rates of speed, with lights and sirens activated, and behind Plaintiff;

ii.   the officers' affirmative actions of driving their PPD vehicle through multiple blocks, causing what appeared to be a pursuit of a vehicle being driven recklessly and dangerously, causing Ms. Payne's vehicle to be violently struck and knocked off the road and into a parked vehicle and the officers' affirmative actions is the but-for cause of Ms. Payne's injuries;

iii.   Ms. Payne's injuries, including but not limited to a compression fracture of her spine, T12, L1-3 requiring a stabilizing fusion, and a sternum fracture, limited Ms. Payne's freedom of action; and

iv.   the officers' affirmative action was the but-for cause of Ms. Payne's injuries that limited her freedom of action.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, attorney fees, interest and allowable costs of suit and brings this action to recover same.

## COUNT VI – 42 U.S.C. §1983
## PLAINTIFF NAJAH PAYNE v. DEFENDANTS JOHN DOE #1 IN HIS INDIVIDUAL CAPACITY

62.   All preceding paragraphs are incorporated as though fully set forth at length herein.

63.   The trooper, individually, was acting under the color of state law while exercising the authority that PSP gave him as an employee of the state agency because he was performing his duty as state trooper when he pursued Plaintiff's vehicle and performed a PIT maneuver.

64.     The trooper's actions were wrongful, malicious, and reckless in depriving Ms. Payne of her constitutional rights.

65.     The trooper failed to act as an objectively reasonable officer would have acted in the same or similar circumstances.

66.     The trooper, without legal or necessary justification or the need to do so, used excessive and deadly force as described above and caused serious bodily injury.

67.     The trooper, without legal or necessary justification or the need to do so, used excessive and deadly force by driving Plaintiff's vehicle off the road and into a parked vehicle.

68.     While acting under the color of state law, the trooper deprived Ms. Payne of her procedural due process rights in violation of the Fourteenth Amendment when they did not use constitutionally adequate procedures to protect her of her right to life and liberty when:

      a.     the Troopers vehicle struck her car with such force, that Ms. Payne's car careened into a parked vehicle and flipped over, almost killing the infant child, and caused serious injuries to Ms. Payne; and

      b.     Ms. Payne continues to suffer from his catastrophic injuries which prevent her from performing her usual duties, activities, occupations, and avocations.

69.     While acting under the color of state law, the trooper deprived Ms. Payne of her substantive due process rights in violation of the Fourteenth Amendment when he engaged in conscious-shocking conduct with deliberate indifference including:

      a.     choosing to drive at excessive speeds;

      b.     deciding to PIT maneuver Plaintiff without adequate information as to the nature of the interaction between her and the PPD vehicle;

c.      failing to inquire into the nature of the interaction between Ms. Payne and the PPD vehicle/officers; and

d.      Failing to appreciate the high likelihood of causing serious, and possibly deadly harm to Plaintiff and her infant child because he drove them off the road into parked vehicles;

e.      violating PSP policies regarding incident responses; and

f.      violating numerous sections of Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by emergency vehicles.

70.     The trooper violated clearly established law in Pennsylvania, specifically Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by emergency vehicles.

71.     The troopers directly participated in the violation of Ms. Payne's procedural and substantive due process rights, which are protected under the Fourteenth Amendment.

WHEREFORE, Plaintiff demand judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest, attorney fees, and allowable costs of suit and brings this action to recover same.

## COUNT VII –ASSAULT AND BATTERY
## PLAINTIFF NAJAH PAYNE v. DEFENDANT JOHN DOE # 1 IN HIS OFFICIAL CAPACITY

72.     All preceding paragraphs are incorporated as though fully set forth at length herein.

73.     As described in this Complaint, the troopers, while acting within the course and scope of his duties as a PSP Trooper, without provocation, warrant, necessary, or legal

Case ID: 240400011

justification, assaulted and battered Ms. Payne by slamming his PSP vehicle into Ms. Payne's vehicle, and causing his vehicle to slam into parked cars and flip over.

74.     As a result of the trooper's assault and battery, Ms. Payne suffered excruciating physical and emotional injuries, loss of life and enjoyment of life, and seeks all available damages under the law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest, attorney fees, and allowable costs of suit and brings this action to recover same.

Respectfully submitted,

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**

BY:     */s/ Kevin P. O'Brien*
KEVIN P. O'BRIEN, ESQUIRE
BROCK J. ATKINS, ESQUIRE
Attorneys for Plaintiff

Case ID: 240400011

## **VERIFICATION**

BROCK J. ATKINS, ESQUIRE, states that he is the attorney for Plaintiff herein, that he is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

BROCK J. ATKINS, ESQUIRE
Attorney for Plaintiffs

Exhibit "B"

City of Philadelphia Law Department                    Attorney for Defendants
Derek Kane, ESQUIRE
Deputy City Solicitor
Attorney Identification No. 316941
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-5374
(215) 683-5397 (fax)
derek.kane@phila.gov

---

| | |
|---|---|
| **NAJAH PAYNE,** | : **PHILADELPHIA COUNTY** |
| | : **COURT OF COMMON PLEAS** |
| **Plaintiff,** | : |
| | : **APRIL TERM 2024** |
| **v.** | : **No. 240400011** |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| | : |
| **Defendants.** | : |
| | : |

---

<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

**To the Prothonotary:**

Pursuant to 28 U.S.C. § 1446(d), Defendant, City of Philadelphia, by and through the undersigned counsel, hereby give notice that they have filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

Date:  May 28, 2024                    _/s/ Derek Kane_____
                                       Derek Kane, Esquire

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

NAJAH PAYNE

### DEFENDANTS

PENNSYLVANIA STATE POLICE; CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ATKINS, BROCK J; OBRIEN, KEVIN PATRICK
STAMPONE LAW
500 COTTMAN AVENUE

Attorneys *(If Known)*
Derek Kane, City of Philadelphia Law Department
One Parkway Building
1515 Arch Street, 14th Floor

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | |
| ☐ 2 | U.S. Government Defendant | |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Alleged violations of Fourteenth Amendment rights

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE
5/28/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☐

I certify that, to my knowledge, the within case ☐ *is* / ☐ *is not* related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____ Must sign here     _____
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** **Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.** **Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: _____     _____ Sign here if applicable     _____
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)